1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    SARAH J. J.,

8                        Plaintiff,          NO. 1:21-CV-3139-TOR

9         v.                                 ORDER GRANTING DEFENDANT'S
                                             MOTION FOR SUMMARY
10   COMMISSIONER OF SOCIAL                  JUDGMENT
     SECURITY,
11
                        Defendant.
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14   judgment (ECF Nos. 11, 14).  This matter was submitted for consideration without

15   oral argument.  The Court has reviewed the administrative record and is fully

16   informed.  For the reasons discussed below, the Court **DENIES** Plaintiff's Motion

17   and **GRANTS** Defendant's Motion.

18                            **JURISDICTION**

19        The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

20

1                              **STANDARD OF REVIEW**

2          A district court's review of a final decision of the Commissioner of Social

3    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4    limited: the Commissioner's decision will be disturbed "only if it is not supported

5    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

6    1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

7    relevant evidence that "a reasonable mind might accept as adequate to support a

8    conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently,

9    substantial evidence equates to "more than a mere scintilla[,] but less than a

10   preponderance."  *Id.* (quotation and citation omitted).  In determining whether this

11   standard has been satisfied, a reviewing court must consider the entire record as a

12   whole rather than searching for supporting evidence in isolation.  *Id.*

13         In reviewing a denial of benefits, a district court may not substitute its

14   judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

15   1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16   rational interpretation, [the court] must uphold the ALJ's findings if they are

17   supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

18   F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19   ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless

20   "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1    *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

2    decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

3    *Sanders*, 556 U.S. 396, 409-10 (2009).

4    **FIVE STEP SEQUENTIAL EVALUATION PROCESS**

5    A claimant must satisfy two conditions to be considered "disabled" within

6    the meaning of the Social Security Act.  First, the claimant must be unable "to

7    engage in any substantial gainful activity by reason of any medically determinable

8    physical or mental impairment which can be expected to result in death or which

9    has lasted or can be expected to last for a continuous period of not less than 12

10   months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

11   "of such severity that [he or she] is not only unable to do [his or her] previous

12   work[,] but cannot, considering [his or her] age, education, and work experience,

13   engage in any other kind of substantial gainful work which exists in the national

14   economy." 42 U.S.C. § 423(d)(2)(A).

15   The Commissioner has established a five-step sequential analysis to

16   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

17   404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

18   work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

19   "substantial gainful activity," the Commissioner must find that the claimant is not

20   disabled.  20 C.F.R. § 404.1520(b).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1      At step four, the Commissioner considers whether, in view of the claimant's

2    RFC, the claimant is capable of performing work that he or she has performed in

3    the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

4    capable of performing past relevant work, the Commissioner must find that the

5    claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

6    performing such work, the analysis proceeds to step five.

7       At step five, the Commissioner considers whether, in view of the claimant's

8    RFC, the claimant is capable of performing other work in the national economy.

9    20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

10   must also consider vocational factors such as the claimant's age, education and

11   work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

12   Commissioner must find that the claimant is not disabled.  20 C.F.R. §

13   404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the

14   analysis concludes with a finding that the claimant is disabled and is therefore

15   entitled to benefits.  *Id.*

16      The claimant bears the burden of proof at steps one through four above.

17   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

18   step five, the burden shifts to the Commissioner to establish that (1) the claimant is

19   capable of performing other work; and (2) such work "exists in significant

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1  numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*,

2  700 F.3d 386, 389 (9th Cir. 2012).

3                              **ALJ'S FINDINGS**

4          On July 8, 2019, Plaintiff protectively filed an application for Title II

5  disability insurance benefits, alleging an onset date of April 1, 2018.  Tr. 15.  The

6  application was denied initially, Tr. 198-210, and on reconsideration, Tr. 211-227.

7  On March 1, 2021, Plaintiff appeared at a telephonic hearing before an

8  administrative law judge ("ALJ").  Tr. 165-196.  On March 17, 2021, the ALJ

9  denied Plaintiff's claim.  Tr. 15-31.  On August 4, 2021, the Appeals Council

10  denied review.  Tr. 1-6.

11          As a threshold matter, the ALJ found Plaintiff met the insured status

12  requirements of the Social Security Act through December 31, 2024.  Tr. 17.  At

13  step one of the sequential evaluation analysis, the ALJ found Plaintiff engaged in

14  substantial gainful activity from April 2018 through September 2019.  *Id.*  The ALJ

15  found there has been a continuous 12-month period during which Plaintiffs did not

16  engage in substantial gainful activity, with the earliest potential onset date on

17  October 1, 2019.  Tr. 18.  At step two, the ALJ found Plaintiff had the following

18  severe impairments: bipolar disorder, anxiety disorder, post-traumatic stress

19  disorder, joint pain, degenerative disc disease/stenosis of the lumbar spine,

20  migraines, and obesity.  *Id.*  At step three, the ALJ found Plaintiff did not have an

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

impairment or combination of impairments that meets or medically equals the
severity of a listed impairment.  Tr. 19.  The ALJ then found Plaintiff had the RFC
to perform light work with the following limitations:

> [Plaintiff] can never climb ladders, ropes, or scaffolds; unlimited
> balancing; can frequently stoop, and all other postural activities can be
> performed up to occasionally; should avoid work in unprotected
> heights, operating dangerous moving equipment (such as power saws
> and jackhammers); can understand, remember, and apply information
> to carry out simple and detailed instructions, and to maintain
> concentration, persistence, and pace for work that is routine in nature
> without frequent changes, and can maintain this level for up to two
> consecutive hours at a time with normal breaks; does not require
> direct services to be provided to the public, however, incidental
> contact or interaction may be permitted; otherwise this person can
> interact with coworkers and supervisors to engage in work-related
> conversations such as asking questions, clarifying instructions,
> gathering information, pointing or directing where should be placed,
> or serving others; but tasks should not involve arbitration or conflict
> resolution.

Tr. 21.

At step four, the ALJ found Plaintiff was able to perform past relevant work
as a Customer Service Representative, Call Center/Order Clerk, considering
Plaintiff's vocational profile, RFC, age, education and work experience.  Tr. 30.
The ALJ concluded Plaintiff was not under a disability, as defined in the Social
Security Act, from April 1, 2018 through March 17, 2021, the date of the ALJ's
decision.  Tr. 30-31.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

On July 12, 2021, the Appeals Council denied review, Tr. 1-6, making the

ALJ's decision the Commissioner's final decision for purposes of judicial review.

*See* 42 U.S.C. § 1383(c)(3).

## ISSUE

Plaintiff raises the following issue for the Court's review:

      1.  Whether the ALJ properly evaluated Plaintiff's symptom testimony;

      2.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 10 at 8.

## DISCUSSION

**A.  Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to

discredit her symptom testimony.  ECF No. 11 at 6-11.

An ALJ engages in a two-step analysis to determine whether to discount a

claimant's testimony regarding subjective symptoms.  Social Security Ruling

("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether

there is 'objective medical evidence of an underlying impairment which could

reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*,

674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

"The claimant is not required to show that her impairment 'could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show

that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; (5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; (6) any measures other than

treatment an individual uses or has used to relieve pain or other symptoms; and (7)

any other factors concerning an individual's functional limitations and restrictions

due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R.

§ 404.1529(c)(3).  The ALJ is instructed to "consider all of the evidence in an

individual's record," "to determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to

cause the alleged symptoms; however, Plaintiff's statements concerning the

intensity, persistence, and limiting effects of those symptoms were not entirely

consistent with the evidence.  Tr. 22, 27.

### 1. Drug Seeking Behavior

Exaggeration of symptoms to receive more medication is a clear and

convincing reason to discount a claimant's testimony.  *Edlund v. Massanari*, 253

F.3d 1152, 1157 (9th Cir. 2001).  The ALJ found that treatment providers raised

concerns with "symptom amplification," "disability seeking," and "drug seeking"

with symptoms incongruent with physical examination findings.  Tr. 28 (citations

to the record omitted).  Specifically, the ALJ noted on August 29, 2019, Dr. Kim

indicated Plaintiff's "somewhat nonspecific" back symptoms did not correlate well

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

with image findings and that Plaintiffs exhibited "significant pain behaviors with overreaction, symptom amplification and disability seeking," and noted Plaintiff "became angry" when continuation of opioid treatment was denied.  Tr. 23.  The ALJ also noted on November 25, 2019, Dr Bui outlined that Plaintiff's allegations were inconsistent with regard to the type of pain medication recommended, Plaintiff "threatened" to get narcotics on the street, and noted Plaintiff's pain was chronic, not acute, and that she exhibited "symptom amplification, drug seeking, disability seeking behavior, and symptoms not congruent with physical exam and lab findings."  Tr. 24.

The Court will not disturb the ALJ's rational interpretation of the record that Plaintiff engaged in drug seeking behavior where the finding is adequately supported.  *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).  This finding is supported by substantial evidence.  Even if this finding were error, the ALJ provided other reasons to discount Plaintiff's symptoms that are supported by substantial evidence.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1163 (9th Cir. 2008); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (upholding the ALJ where "the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony.").

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1      *2.  Objective Medical Evidence*

2          Objective medical evidence is a relevant factor in determining the severity of

3   the claimant's pain and symptoms, but it cannot be the sole consideration in

4   rejecting symptom testimony.  20 C.F.R. § 404.1529(c)(2); *see also Burch v.*

5   *Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  The ALJ found Plaintiff's symptom

6   complaints inconsistent with the objective medical evidence in the record, which

7   the ALJ extensively detailed.  *See* Tr. 22-28.  The ALJ found that laboratory

8   testing showed negative rheumatoid factor, a negative ANA test, as well as a

9   negative CCP test, with no evidence of synovitis.  Tr. 27.  The ALJ found that

10  findings of gait abnormalities and loss of pain with lumbar or hip range of motion

11  were not consistent with the record where Plaintiff demonstrated 5/5 motor

12  strength in her bilateral lower extremities with inconsistent need for a cane.  Tr.

13  27-28.  The ALJ also noted that treatment notes contain findings of negative

14  straight leg raises and intact sensation, while electrodiagnostic testing showed no

15  evidence of abnormalities.  Tr. 28 (citations to the record omitted).

16         The ALJ reasonably concluded that the objective medical evidence was

17  inconsistent with Plaintiff's allegations of completely disabling health conditions.

18  This finding is supported by substantial evidence.  While a different interpretation

19  could be made as to whether some objective medical evidence conflicted with

20  Plaintiff's reported level of debilitating symptoms, the ALJ articulated other

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

supported grounds for discounting Plaintiff's reported symptoms.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1163 (9th Cir. 2008); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (upholding the ALJ where "the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony.").

### 3.  *Course of Treatment*

The claimant's course of treatment is a relevant factor in determining the severity of alleged symptoms.  20 C.F.R. § 404.1529(c)(3).  The unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment may serve as a basis to discount a claimant's alleged symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  Relatedly, improvement with treatment is another relevant factor.  *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ found Plaintiff's alleged symptoms inconsistent with her conservative course of treatment for the mental impairments and migraine headaches.  Tr. 28.  The ALJ noted Plaintiff had psychotherapy and psychotropic

medication management.  Tr. 27.  With medication, the ALJ found Plaintiff had the ability to follow a three-step command, intact cognitive functioning, intact memory, and a goal oriented thought process, and that Plaintiff presented as pleasant, cooperative, able to maintain good eye contact, with a normal/good mood and affect, as well as with intact insight and judgment.  Tr. 28 (citations to the record omitted).  The ALJ's finding is supported by substantial evidence.

The ALJ's finding that Plaintiff's subjective symptom testimony conflicted with the evidence in a multitude of ways was clear, convincing, and supported by substantial evidence.

**B.  Medical Evidence**

Plaintiff challenges the ALJ's evaluation of the opinions of Patrick Metoyer, Ph.D. and Anh Bui, M.D.  ECF No. 11 at 11-20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. § 404.1520c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed her Title II claim after March 27, 2017.  *See* Tr. 26.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

168819, 82 Fed. Reg. 5844-01, 5867–68 (codified at 20 C.F.R. pt. 404).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. § 404.1520c(c)(1)-(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. § 404.1520c(b)(2).  These factors are explained as follows:

(1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

1   20 C.F.R. § 404.1520c(c)(1)-(2).

2        The ALJ may, but is not required to, explain how "the other most persuasive

3   factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §

4   404.1520c(b)(2).  However, where two or more medical opinions or prior

5   administrative findings "about the same issue are both equally well-supported . . .

6   and consistent with the record . . . but are not exactly the same," the ALJ is

7   required to explain how "the most persuasive factors" were considered.  20 C.F.R.

8   § 404.1520c(b)(3).

9        These regulations displace the Ninth Circuit's standard requiring an ALJ to

10  provide "specific and legitimate" reasons for rejecting an examining doctor's

11  opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the

12  ALJ's decision for discrediting any medical opinion "must simply be supported by

13  substantial evidence."  *Id.*

14       1.  *Patrick Metoyer, Ph.D.*

15       The ALJ found Dr. Metoyer's opinion to not be fully persuasive.  Tr. 29.  As

16  to supportability, the ALJ also noted Dr. Metoyer examined Plaintiff on one

17  occasion, relied on Plaintiff's subjective reports, and used vague and imprecise

18  terminology that was not expressed in vocationally relevant terms.  Tr. 29.  As to

19  consistency, the ALJ found the level of limitations assessed (*see* Tr. 25) were not

20  fully supported by the evidence of normal/good mood and affect, intact insight and

judgment, good eye contact, a pleasant/cooperative presentation, intact cognitive functioning, normal memory, and a goal oriented thought process. *Id.* (citations to the record omitted). The ALJ's assessment of this opinion is supported by substantial evidence. No harmful error has been shown.

### 2. *Anh Bui, M.D*

The ALJ found Dr. Bui's opinion to not be fully persuasive. Tr. 29. As to supportability, the ALJ found that Dr. Bui provided generic statements of diagnoses and was internally inconsistent regarding conditions that could cause pain. *Id.* Specifically, the ALJ found the assessment over reliant on Plaintiff's subjective report of pain symptoms because Dr. Bui had been unable to find an organic cause for the pain and did not prescribe pain medication. *Id.* The ALJ also found Dr. Bui's assessment of Plaintiff's ability to perform work was based on Plaintiff's report of history has to why she stopped telephone work. *Id.* As to consistency, the ALJ found that Dr. Bui's assessment is not consistent with the treatment notes finding Plaintiff exhibited symptom amplification, drug seeking, disability seeking behavior, and symptoms not congruent with physical exam and lab findings. Tr. 29-30 (citation to the record omitted). The ALJ's assessment of this opinion is supported by substantial evidence. No harmful error has been shown.

//

1

**CONCLUSION**

2      Having reviewed the record and the ALJ's findings, this Court concludes the

3  ALJ's decision is supported by substantial evidence and free of harmful legal error.

4  **ACCORDINGLY, IT IS HEREBY ORDERED:**

5      1.  Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

6      2.  Defendant's Motion for Summary Judgment (ECF No. 14) is

7         **GRANTED**.

8      The District Court Executive is directed to enter this Order, enter judgment

9  accordingly, furnish copies to counsel, and **CLOSE** the file.

10     DATED July 27, 2022.

11



12                    THOMAS O. RICE
                   United States District Judge

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18